Jovita MATEO–VENTURA, a/k/a Jovia Mateo–Ventura, a/k/a Carmen Munez, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 09–1033.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 17, 2010.

Opinion Filed March 23, 2010.

Valentine A. Brown, Esq., Duane Morris, Philadelphia, PA, for Petitioner.

Thomas W. Hussey, Esq., Paul F. Stone, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Jovita Mateo–Ventura petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will dismiss her petition in part and deny it in part.

### I.

Mateo (as she refers to herself) is a citizen of Mexico who entered the United States in 1993. In 2004, the Government charged her as removable for being present without having been admitted or paroled. Mateo concedes removability, but she applied for discretionary cancellation of removal under 8 U.S.C. § 1229b. She asserted that her removal would result in hardship for her two United States citizen children because her son Ivan suffers from cataracts and Attention Deficit Disorder, and because her children will either be deprived of her emotional support if they remain with family members in the United States or will receive inadequate education and financial support if they return with her to Mexico.

Following a hearing, the Immigration Judge ("IJ") denied relief. The IJ expressed sympathy for Mateo's situation, but concluded that she had not demonstrated that her removal would "result in exceptional and extremely unusual hardship" to her children as required by the statute. 8 U.S.C. § 1229b(b)(1)(D). Among other things, the IJ noted that the family has close relatives both in Mexico and the United States, that her son Ivan's medical conditions do not appear particularly serious, and that any financial, emotional and educational detriment her children might suffer, though regrettable, would not rise to the level of an "exceptional and extremely unusual hardship." The BIA agreed and dismissed Mateo's appeal. Mateo petitions for review.

### II.

Although we have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1), we generally lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review the discretionary decision of whether an alien has satisfied the hardship requirement for purposes of 8 U.S.C. § 1229b. *See Cospito v. Att'y Gen.,* 539 F.3d 166, 170 (3d Cir.2008); *Mendez–Moranchel v. Ashcroft,* 338 F.3d 176, 179 (3d Cir.2003). We retain jurisdiction, however, to review " 'constitutional claims or questions of law.' " *Cospito,* 539 F.3d at 170 (quoting 8 U.S.C. § 1252(a)(2)(D)). We do so *de novo,* subject to the principles of deference set forth in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *See Wu v. Att'y Gen.,* 571 F.3d

314, 317 (3d Cir.2009). In this case, Mateo raises two challenges to the BIA's ruling that she did not establish the requisite level of hardship. We lack jurisdiction to review the first and the second lacks merit.[1]

■ Mateo first challenges the IJ's and BIA's assessment of the record. She frames her arguments in terms of the BIA's failure both to review the entire record and to address her arguments regarding the IJ's analysis. The BIA, however, expressly considered the specific factors on which she relies, and her assertion that the BIA failed to address her arguments regarding the IJ's analysis does not state an independent basis for relief because the BIA issued its own decision and that is the decision we review. *See Rranci v. Att'y Gen.*, 540 F.3d 165, 171 (3d Cir. 2008).

Mateo's specific arguments in this regard are that the IJ and BIA erred in failing to (1) consider the cumulative effect of the hardships faced by her children, (2) give adequate weight to the testimony of a psychologist who diagnosed her son Ivan with Attention Deficit Disorder, and (3) adequately consider the effect of her removal on her children's health and education. As the Government argues, these claims "do not raise constitutional claims or questions of law." *Cospito*, 539 F.3d at 170 (addressing arguments that IJ, *inter alia*, "gave 'short shrift to crucial evidence'" and "'simply looked at individual factors' rather than provide an evaluation of the factors in the aggregate") (citation omitted); *see also Jarbough v. Att'y Gen.*,

483 F.3d 184, 189 (3d Cir.2007) ("[C]ourts have recognized arguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)."). Instead, these arguments "amount to nothing more than 'quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency.'" *Cospito*, 539 F.3d at 170 (citation omitted). Accordingly, we lack jurisdiction to consider these arguments and will dismiss the petition for review to that extent. *See id.* at 171.[2]

Mateo also challenges the legal standard that the BIA applied. By way of background, Mateo was required to demonstrate that her "removal would result in exceptional and extremely unusual hardship" to her two United States citizen children. 8 U.S.C. § 1229b(b)(1)(D). The BIA has held that this standard requires a hardship that is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal–Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001). The BIA further explained that, although the hardship need not be "unconscionable," the statute reserves cancellation for "'truly exceptional' situations[.]" *Id.* at 60–62 (citation omitted). The BIA later applied this standard in *In re Andazola–Rivas*, 23 I. & N. Dec. 319 (BIA 2002), and *In re Recinas*, 23 I. & N. Dec. 467 (BIA 2002), finding it satisfied in the latter case but not in the former.

---

1. Mateo devotes over ten pages of her brief to discussing non-precedential opinions issued by this Court, other Courts of Appeals, and the BIA. We generally do not rely on our non-precedential opinions, let alone those of other courts. *See Jamison v. Klem*, 544 F.3d 266, 278 n. 11 (3d Cir.2008); Third Circuit Internal Operating Procedure 5.7. Non-precedential opinions by the BIA may be relevant if

it "reach[ed] an exactly contrary decision on a materially indistinguishable set of facts," *Shardar v. Att'y Gen.*, 503 F.3d 308, 315 (3d Cir.2007), but such is not the case here.

2. We nevertheless note that, contrary to Mateo's arguments, both the IJ and BIA expressly considered the relevant factors in the aggregate. (BIA Dec. at 2.)

■ In this case, the IJ and BIA cited all three decisions and expressly applied the *Monreal–Aguinaga* standard. The IJ also discussed *Recinas* at some length because Mateo argued that her situation was analogous to the situation presented there. The IJ found *Recinas* distinguishable and concluded that Mateo had failed to satisfy the *Monreal–Aguinaga* standard, and the BIA agreed. Mateo raises three arguments regarding the standard employed by the BIA. To the extent that these arguments can be construed to raise constitutional claims or questions of law, they lack merit.

First, Mateo argues that *Recinas* sets so high a standard that "most" immigrants cannot meet it, that in applying the standard the BIA thus "acted contrary to explicit Congressional intent and violated her due process rights," and that this matter should be remanded for the BIA to apply an unspecified but "more realistic" standard. *Recinas,* however, did not establish a legal standard at all. Instead, it merely applied the *Monreal–Aguinaga* standard to a specific set of facts. *See Barco–Sandoval v. Gonzales,* 516 F.3d 35, 40 (2d Cir.2008) ("*Recinas* is so obviously an application of *Monreal–Aguinaga* " that petitioner's argument that it established a new standard "does not even reach the level of being colorable.").

Mateo has not developed any challenge to that standard. She asserts that it is contrary to "Congressional intent," but she cites no authority and does not argue that the BIA's interpretation of the cancellation statute is impermissible under *Chevron.*[3] She also asserts that the standard violates due process, but she again cites no authority and does not argue due process principles. *See Jarbough,* 483 F.3d at 190 (re-

jecting purported due process claim where petitioner made "no attempt to tie his claim ... to the Due Process Clause" or its "requirements of notice and a meaningful opportunity to be heard").

Second, Mateo argues that the BIA effectively applied the "unconscionability" standard it rejected in *Monreal–Aguinaga.* The IJ, however, expressly stated that "respondent need not establish the hardship is unconscionable," (IJ Dec. at 4), and the BIA expressly applied *Monreal–Aguinaga* in affirming that ruling. *Cf. Figueroa v. Mukasey,* 543 F.3d 487, 491, 496 (9th Cir.2008) (remanding where IJ erred in expressly requiring a showing of "unconscionable" hardship).

Finally, Mateo appears to argue that the BIA should have applied the reasoning of the *dissenting* opinions in *Andazola–Rivas.* Suffice it to say that the BIA was not required to do so. Accordingly, we will dismiss in part and deny in part the petition for review.

**UNITED STATES of America**

v.

**Ryan J. WASHINGTON, Appellant in No. 08–2876.**

---

3. Mateo's argument that the standard is so restrictive that "most" immigrants cannot satisfy it provides no reason to question whether the BIA's interpretation of the statute is per-

missible. The statute requires an "exceptional and extremely unusual hardship," 8 U.S.C. § 1229b(b)(1)(D), which by definition will not be satisfied by "most" immigrants.