

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# Wu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1173.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2474

DAN HUA WU,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97-814-815
(U.S. Immigration Judge: Honorable Daniel Meisner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: June 18, 2009)

OPINION OF THE COURT

PER CURIAM.

        Dan Hua Wu, a citizen of the People's Republic of China, seeks review of a final

order of the Board of Immigration Appeals ("BIA") affirming a decision of the

Immigration Judge ("IJ") that denied his applications for asylum, withholding of removal,

and protection under the United Nations Convention Against Torture ("CAT"). For the following reasons, we will deny Wu's petition for review.

I.

Wu illegally entered the United States in March 2004. The Department of Homeland Security issued a Notice to Appear on March 18, 2004, charging Wu as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Wu conceded his removability but filed an application for asylum, withholding of removal, and CAT relief claiming past persecution and a well-founded fear of future persecution based on his violation of China's birth control policy.

In his asylum application and at his merits hearing, Wu claimed that he and his girlfriend, Yuan Lin, discovered that Lin was pregnant with Wu's child at the end of December 2003. Because the couple were too young to legally marry, they arranged to marry "according to local custom" at a traditional ceremony which took place in January 2004. The wedding banquet was, however, interrupted by several family planning officials who attempted to detain the couple for the illegal, out-of-wedlock, pregnancy. Wu and Lin were somehow able to escape from the government officials and go into hiding at the home of Wu's aunt. Wu claimed that they stayed with his aunt until he departed for the United States in February 2004. Lin remained with Wu's aunt until June 2004, when she was discovered by family planning officials and forced to undergo an abortion. Wu did not claim that his family was fined or harassed due to the illegal pregnancy.

2

To support his testimony, Wu submitted letters from his aunt and from Lin, as well as a hospital record indicating that Lin's labor was induced when she was five-months pregnant. The letters were not entirely helpful to Wu's case. Lin's letter contradicted Wu's testimony by stating that she found out that she was pregnant in February 2004 and that she and Wu were thereafter married in a traditional ceremony. She also stated that family planning officials fined Wu's family. Further, Lin's and Wu's aunt's letters indicated that Lin stayed with Wu's aunt only after Wu left for the United States. The letters did not mention that Lin and Wu were in hiding with the aunt before Wu left for the United States.

Wu's application was denied following a hearing before an IJ in Newark, New Jersey. The IJ first determined that, because Lu and Lin were not married, Wu's claim for asylum based on Lin's forced abortion was foreclosed by Chen v. Ashcroft, 381 F.3d 221 (3d Cir. 2004), and that Wu could not establish that he was persecuted because he was prevented from entering into a legal marriage due to an age restriction. At the hearing, Wu had also suggested that he would be tortured or beaten following his return to China because he left the country illegally. The IJ found no support for this claim.

The IJ also concluded that, even if Wu was eligible for relief based on Lin's experiences, he was not credible. In support of this finding, the IJ identified several discrepancies between Wu's testimony and the letters from Lin and Wu's aunt. Among other things, the IJ noted that Wu's assertion that he and Lin discovered the pregnancy in December 2003 conflicted with Lin's statement that she found out about the pregnancy in

3

February 2004. The IJ also remarked that Wu's testimony that his family was not required to pay a fine for the illegal pregnancy was inconsistent with Lin's assertion that officials "forced [Wu's] family to pay a fine." In addition, the IJ found that Wu's statement that he and Lin escaped together to his aunt's house conflicted with Lin's claim that she hid herself in the aunt's house after Wu left for the United States.

Thereafter, on December 10, 2007, the BIA adopted and affirmed the IJ's decision pursuant to Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994). The BIA briefly explained that if found no clear error in the IJ's finding of fact, including the adverse credibility determination.

Wu now petitions for review of the BIA's final order of removal.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). In this case, because the BIA stated that the IJ's adverse credibility determination was not clearly erroneous and adopted and affirmed all bases for the IJ's decision, we review the IJ's decision, including those portions not discussed by the BIA. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009) (citing Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). We review factual findings under the "substantial evidence" standard. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009). A factual determination will thus be upheld if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal citation omitted). Our review of the agency's legal conclusions is de novo, and we apply the

4

principles of deference set forth in <u>Chevron U.S.A., Inc. v Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984). <u>Id.</u>

The government argues that we lack jurisdiction to hear this appeal. Our jurisdiction is limited to claims where a petitioner "has exhausted all administrative remedies available . . . as of right." 8 U.S.C. § 1252(d)(1). "A petitioner is deemed to have 'exhausted all administrative remedies' . . . and thereby 'preserves the right of judicial review,' . . . if he or she raises all issues before the BIA." <u>Lin v. Att'y Gen.</u>, 543 F.3d 114, 120-21 (3d Cir. 2008) (internal citations omitted). In <u>Lin</u>, we continued by reiterating that "[w]e do not, however, apply this principle in a draconian fashion," and that "so long as a[] . . . petitioner makes some effort, however insignificant, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." <u>Id.</u> at 121 (internal quotations and citations omitted).

The government correctly argues that Wu did not administratively exhaust the claim that he was persecuted for "other resistance" to China's coercive population control program by hiding Lin from the authorities. Wu did not raise this claim before the IJ or the BIA, and accordingly, we lack jurisdiction to consider it. <u>See</u> <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 594-95 (3d Cir. 2003) (stating that a petitioner "is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim").

Despite the government's assertion to the contrary, Wu did preserve the right of

review of his argument that he is eligible for relief based on Lin's experiences. The final paragraph of Wu's brief to BIA stated that he qualifies as a refugee because he was married to Lin in a traditional marriage ceremony. In support of this assertion, Wu cited to a Ninth Circuit decision holding that statutory asylum afforded to wives who underwent forced abortions applied to husbands whose marriages would be recognized but for the coercive family planning laws. Ma v. Ashcroft, 361 F.3d 553, 560-61 (9th Cir. 2004). The BIA, therefore, was put on notice that Wu was challenging the IJ's determination that he was statutorily ineligible for asylum based on Lin's forced abortion. We thus reject the government's argument that we are without jurisdiction to hear this appeal.

Nevertheless, substantial evidence supports the IJ's conclusion that Wu was statutorily ineligible for asylum based on Lin's experiences. The IJ properly rejected Wu's argument that asylum protection extends to unmarried partners of women who have been persecuted under China's family planning laws. See Chen v. Ashcroft, 381 F.3d 221, 228-29 (3d Cir. 2004). Further, we note that Wu would not meet the definition of a refugee even if his traditional marriage was recognized by the Chinese government, as we recently held that the Immigration and Nationality Act does not extend automatic refugee status to spouses or unmarried partners of individuals who have been forcibly subjected to family planning measures. See Lin-Zheng, 557 F.3d at 156 ("[T]here is no room for us to conclude that Congress intended to extend refugee status to anyone other than the individual who has either been forced to submit to an involuntary abortion or sterilization,

has been persecuted for failure or refusal to undergo such a procedure, or has a well-founded fear of that occurring in the future.") (emphasis omitted). Therefore, as a matter of law, Lin's experiences cannot establish Wu's eligibility for asylum.

Because Wu's asylum claim is predicated on his relationship to Lin, and because he cannot establish eligibility for asylum on this basis, we need not determine whether the IJ's adverse credibility finding was supported by substantial evidence.[1] Additionally, to the extent that Wu did not waive review of his application for withholding of removal or CAT relief, the IJ properly rejected those claims.

Accordingly, after a careful review of the record, we will deny the petition for review.

---

[1]Wu's brief to this Court mentions that when they could not locate him or Lin, the family planning officials destroyed his furniture and imposed a fine. He asserts that this economic loss, combined with Lin's abortion, rises to the level of persecution. Wu failed to make a claim for asylum based on economic loss to either the IJ or to the BIA. He has thus waived this argument for relief, and we lack jurisdiction to consider it. Abdulrahman, 330 F.3d at 594-95.