**MING QIANG GAO, Petitioner**

v.

**ATTORNEY GENERAL, Respondent.**

No. 09–2282.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 19, 2009.

Opinion filed: Oct. 20, 2009.

Ming Qiang Gao, New York, NY, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Benjamin Zeitlin, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SMITH, FISHER and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Ming Qiang Gao petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

Gao, a native of China, entered the United States as a visitor in March 2007. He was subsequently charged as removable for overstaying his admission period. He filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he suffered past persecution in China when his wife was forcibly aborted two times and faces future persecution on account of his religion. The IJ found Gao incredible and denied relief. The BIA upheld the adverse credibility determination and dismissed the appeal. It also concluded that even if Gao were credible, husbands of women who had undergone forced abortions were not automatically eligible for relief and that Gao had not shown a well-founded fear of sterilization or other persecution. It further held that Gao had not established a well-founded fear of persecution on account of his religion. Gao filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We may reverse the BIA's decision only if the record permits but one reasonable conclusion and that was not the one reached by the Board. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To establish eligibility for asylum, Gao must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Vente v. Gonzales,* 415 F.3d 296, 300 (3d Cir.2005). For withholding of removal, he must demonstrate that it is more likely than not that his life would be threatened in China on account of these protected grounds. *Tarrawally v. Ashcroft,* 338 F.3d 180, 186 (3d Cir.2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, Gao must demonstrate that it is more likely than not that he

would be tortured if removed to China. 8 C.F.R. § 208.16(c)(2).

We agree with the BIA that Gao is not entitled to relief even if he were credible. The spouses of those who have undergone forced abortions are not automatically eligible for asylum. *Lin–Zheng v. Attorney General*, 557 F.3d 147 (3d Cir. 2009) (en banc). Moreover, Gao's detention by police does not rise to the level of persecution. *Gomez–Zuluaga v. Attorney General*, 527 F.3d 330, 342 (3d Cir.2008) ("[B]rief detentions, where little or no physical harm occurs, generally do not rise to the level of persecution."). While Gao argues that the IJ should have given Gao an opportunity to elaborate on the details of his detention, he has not explained why he did not present such evidence at his hearing. Nor did he proffer any additional details of his detention before the BIA.

Gao also argues that the BIA failed to consider evidence of the economic persecution he suffered. While he mentioned being fined in his asylum application and at his hearing, Gao did not argue before the BIA that he suffered economic persecution. Thus, this argument is unexhausted, and we lack jurisdiction to consider it. *See Hua Wu v. Attorney General*, 571 F.3d 314, 317 (3d Cir.2009). Moreover, while "deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution," *Zhen Hua Li v. Att'y Gen.*, 400 F.3d 157, 168 (3d Cir.2005), there is no evidence that the financial penalties imposed upon Gao meet this standard.

Gao also argues that he will suffer persecution on account of his religion if returned to China. The BIA noted that while Gao asserted that eleven members of his religious organization were arrested, he did not claim that they were persecuted or that the Chinese government was aware of his membership in the organization. In his brief, Gao does not challenge any of these findings.

For the above reasons, we will deny the petition for review.