**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1790
_____

ELIAS ALFONSO JUAREZ-GONZALEZ,
                                                    PETITIONER
                         v.

ATTORNEY GENERAL UNITED STATES,
                                                    RESPONDENT

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Immigration Judge: Honorable Frederic Leeds
(Agency No. A075-445-182)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010
Before:  SCIRICA, Chief Judge, SMITH and WEIS, Circuit Judges

(Opinion filed: April 9, 2010)

OPINION
_____

PER CURIAM.

        Elias Alfonso Juarez-Gonzalez, a citizen and native of Mexico, became a

lawful permanent resident of the United States in 1997.  On January 3, 2002, the Superior

1

Court of New Jersey, Hudson County, convicted Juarez-Gonzalez of criminal restraint in the third degree in violation of N.J. Stat. Ann. § 2C:13-2. Juarez-Gonzalez subsequently departed the United States and, upon his return, the Department of Homeland Security charged him as removable because he was convicted of a crime involving moral turpitude. Before the Immigration Judge ("IJ") Juarez-Gonzalez conceded removability and applied for a waiver of inadmissibility under 8 U.S.C. § 1182(h). The IJ found that Juarez-Gonzalez had committed a violent or dangerous crime. As a result, the IJ determined that he could not qualify for a waiver of inadmissibility unless he demonstrated exceptional and extremely unusual hardship. See 8 C.F.R. § 1212.7(d). Ultimately, the IJ held that Juarez-Gonzalez failed to show the requisite hardship. On February 19, 2009, the Board of Immigration Appeals ("BIA") affirmed and dismissed Juarez-Gonzalez's appeal. Juarez-Gonzalez has filed a petition for review.

The Government has filed a motion to dismiss for lack of jurisdiction. The Government correctly points out that we do not have jurisdiction to review the Attorney General's decision not to grant a waiver of inadmissibility. See 8 U.S.C. § 1252(a)(2)(B)(I); 8 U.S.C. § 1182(h); see also Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006) ("[D]espite the changes of the REAL ID Act, factual or discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review.") We, however, retain the jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); Jarbough v. Att'y Gen., 483 F.3d

2

184, 188 (3d Cir. 2007). As we explain further below, while Juarez-Gonzalez raises questions of law, we find that he has not properly exhausted these claims before the IJ and the BIA. See 8 U.S.C. § 1252(d)(1); Hua Wu v. Att'y Gen., 571 F.3d 314, 317 (3d Cir. 2009) (per curiam). Therefore, we will grant the Government's motion to dismiss.

Juarez-Gonzalez raises two arguments in his petition for review. First, he contends that the BIA should have applied a categorical analysis to determine whether his conviction was a crime of moral turpitude and a "dangerous" crime. (Petr's Br. at 16.) Juarez-Gonzalez, however, failed to raise this argument before the IJ. Indeed, as the Government points out, Juarez-Gonzalez's counsel admitted that his crime was the type of crime which triggers the "exception and extremely unusual hardship" standard for granting a waiver of inadmissability. (A.R. at 154-55.) Juarez-Gonzalez also fails to point to any persuasive authority which required the IJ to apply a categorical analysis to determine whether his crime qualified as a dangerous crime under 8 C.F.R. § 1212.7. Moreover, while we apply the categorical analysis in the crimes against moral turpitude analysis, Juarez-Gonzalez did not challenge Government's finding that he was convicted of a crime of moral turpitude before the IJ, and he may not do so for the first time in this Court. Hua Wu 571 F.3d at 317. Juarez-Gonzalez similarly failed to raise his ineffective assistance of counsel claim before the IJ or the BIA. Therefore, we lack jurisdiction over that claim as well.

For the foregoing reasons, we will grant the Government's motion to dismiss for a lack of jurisdiction and dismiss the petition for review.