**IMG-189**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2595
_____

JUAN ANTONIO VELIZ-VELIZ,

                                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-231-100)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010
Before:  RENDELL, FISHER AND GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed: May 19, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Juan Antonio Veliz-Veliz ("Petitioner") is a native and citizen of

Guatemala who petitions for review of the Board of Immigration Appeals' ("BIA") final

order of removal.  For the following reasons, we will dismiss the petition for review.

I.

The Petitioner entered the United States without inspection in 1991. In 2007, he was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). The Petitioner conceded his removability but applied for relief under 8 U.S.C. §1229b(b), claiming that his removal would cause significant hardship to his wife, who is a Legal Permanent Resident.

At his removal proceeding, the Petitioner and his wife, Sandra Pineda, testified that they had lived together since 2001 and were married in 2007. Pineda stated that she has three children, all of whom live in Guatemala. Pineda's daughter is married, but her sons are college students who live in a house owned by Pineda. Although Pineda has a brother and three nephews who live in Brooklyn, New York, she testified that she never sees them, and that the Petitioner is the only one who cares for her when she is sick. She is, however, currently in good health, having recovered from three surgeries. Pineda and the Petitioner testified that the Petitioner is unemployed and that Pineda supports him. Nevertheless, Pineda asserted that the Petitioner helps her pay the rent so that she can support her children who are in school. Although the Petitioner testified otherwise, Pineda stated that she would move to Guatemala if the Petitioner were removed. Finally, she testified that the Petitioner could live at her house in Guatemala if he were removed.

The Immigration Judge ("IJ") denied the Petitioner's claim, concluding that he had failed to establish that his removal would result in exceptional and extremely unusual

2

hardship to his wife. See 8 U.S.C. § 1229b(b)(1)(D). Citing to In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), the IJ stated that the Petitioner did not provide "evidence to establish that his qualifying relative would suffer the hardship that is substantially different from or beyond that which would normally be expected from the deportation of an alien with close family members here."

The BIA affirmed without opinion the IJ's decision.

## II

Although we have authority to review final orders of removal under 8 U.S.C. § 1252(a)(1), we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review factual or discretionary determinations such as whether a petitioner has satisfied the hardship requirement for cancellation of removal. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). We do have jurisdiction, however, to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We do so de novo, subject to the deference principles set forth in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Wu v. Att'y Gen. 571 F.3d 314, 317 (3d Cir. 2009) (per curiam). Here, the Petitioner asserts that his due process rights were violated because: (1) the IJ allegedly made an erroneous finding of fact; (2) the IJ failed to consider that he had lived with his wife for several years before they were married; and (3) the IJ and BIA did not follow their own precedent and used an incorrect legal standard to evaluate his application.

3

"Petitioners alleging 'constitutional claims' under § 1252(a)(2)(D) must, as a threshold, state a colorable violation of the United States Constitution." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). In this case, the Petitioner's claims fail to overcome this threshold, invoking the Due Process Clause in name only. He fails to tie to the Due Process Clause the alleged factual error and failure to consider evidence, and the record does not indicate that any such errors deprived the petitioner of "notice and a meaningful opportunity to be heard." Id. at 190. Further, such claims do not constitute questions of law. Id. at 189 ("[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence, or improperly weighed equitable factors are not questions of law. . . ."). Because these claims do not involve a constitutional issue or a question of law, we do not have authority to review them. Id. at 190.

The Petitioner also claims, without explanation, that the IJ did not use the correct legal standard and that the BIA did not follow its own precedent in determining that he did not qualify for cancellation of removal. Whether an agency applies the correct legal standard is a question of law. Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007); Liu v. I.N.S., 508 F.3d 716, 721 (2d Cir. 2007) (per curiam). Here, however, the Petitioner provides no support for his claims, and his assertions appear only to challenge the BIA's exercise of its discretion in determining that he did not meet the hardship

4

requirement for cancellation of removal. As explained above, we lack jurisdiction to review that determination.

For the foregoing reasons, we will dismiss Veliz-Veliz's petition for review.