**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2912
_____

OLSI SHKEMBI
A/K/A ANDREA RUDISI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-669-336)
Immigration Judge:  Honorable Roxanne C. Hladylowycz

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010
Before: AMBRO, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed : May 20, 2010)
_____

OPINION
_____

PER CURIAM

    Petitioner Olsi Shkembi is a native and citizen of Albania who petitions for review

of the Board of Immigration Appeals's ("BIA") final order of removal. For the following reasons, we will deny the petition for review.

I.

Shkembi entered the United States in 2003. He later filed an application for asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT"), predicated on his claim that he had been persecuted for his involvement in the Albanian Democratic Party ("the Party").

Shkembi joined the Youth Forum of the Party in 1996 and became a full member in 1998. As a member of the Youth Forum, Shkembi distributed literature and recruited students to join the Party. In February 1998, police removed him and several other students from their classroom. Shkembi was detained at the police station for several hours, during which the police interrogated, hit, and shoved him, resulting in bruising on his neck. Shkembi was released after Party members inquired about the detention.

Shkembi's next confrontation with the police occurred a couple years later while he served as an election monitor.[1] The police took Shkembi and his uncle (who was a Party leader in their village and chair of the region's election committee) to the police station and detained them for two days. Shkembi was interrogated, threatened, and

---

[1] Shkembi testified that this event occurred in June 2000. His brief and the statement attached to his asylum application refer to a similar incident that occurred in June 2001. It is unclear whether these are two separate events or whether Shkembi misstated the date in his testimony.

beaten, resulting in an injury to his shoulder which he treated with over-the-counter pain medication.

In 2002 and 2003 Shkembi worked on a camera crew for the Party's media outreach program to help prepare for the 2003 local election. In June 2003, his uncle's shop was bulldozed by the tax police due to pressure from the Socialist Party. Despite threats from the police, Shkembi filmed the bulldozing of the shop, which he asserted was broadcast on television.[2]

Before and after the 2003 election, Shkembi continued to be pressured and harassed by members of the Socialist Party, and he left Albania for the United States. Shkembi's uncle also left Albania and relocated to Greece. He has a brother who is a Legal Permanent Resident of the United States, and another relative (described alternately as an uncle, grand-uncle, and great-uncle) who has been in the United States since 1968 and is a United States citizen.[3] Shkembi's two sisters remain in Albania, and his older sister's affiliation with the Party has kept her from obtaining a scholarship and attending

---

[2]    Shkembi submitted the DVD of the shop's destruction to the IJ.

[3]    Shkembi's great-uncle testified at the 2007 merits hearing. He visited Albania in 2002 and testified to an incident where Shkembi was driving him around and they were stopped by police and questioned. He stated that the Police made reference to Shkembi's Party membership. He also asserted that he did not believe that Shkembi would be safe in Albania. Shkembi's brother, who came to the United States in 1990, was available to testify as to Shkembi's identity, but he did not do so because the IJ determined that identity was not an issue in this case.

3

college.[4]

Shkembi fears returning to Albania because he believes that those who oppose the Party will kill him. Although the Party is now in control of the Albanian parliament, Shkembi asserted that the Socialist Party continues to exert regional influence and control.

Despite some inconsistencies between Shkembi's testimony and his asylum application, the IJ determined that he was credible. She nevertheless denied Shkembi's requests for relief because the incidents that he described did not rise to the level of persecution. The IJ also concluded that Shkembi's fear of future persecution was unreasonable because, as described by the 2007 United States Department of State Country Condition Report, conditions in Albania have changed significantly. The Party is now in control, and the Country Report states that political parties are operating without restriction and that there have been no reports of the detention of political prisoners or political disappearances. Further, the 2007 election was held by the international community to be fair and organized. The IJ also stated that to the extent that Shkembi may be faced with regional harassment, there is nothing precluding him from moving to another area of Albania.[5]

_____

[4] Shkembi appeared to testify that his parents are United States citizens, but his asylum application and his brief to this Court state that they remain in Albania. The BIA also noted that Shkembi's parents and sisters still reside in Albania.

[5] Shkembi's first merits hearing occurred in April 2007. Upon appeal, the BIA remanded the case to the IJ due to defective and missing tapes of the hearing and the

The BIA affirmed, agreeing that Shkembi's "evidence regarding the arrests, threats, and minor physical abuse did not rise to the level of persecution." The BIA also noted that the Country Report "describes significant political change in Albania," and that the continued presence of Shkembi's family members in Albania demonstrates that his "subjective fear of returning to Albania is not objectively reasonable."

Through counsel, Shkembi now petitions for review of the BIA's final order of removal.

II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

Shkembi asserts that his due process rights were violated because: (1) the IJ did not allow his brother to testify at his removal proceeding, and (2) the record of the proceeding was deficient. Shkembi did not, however, raise these arguments before the BIA. Due process claims involving constitutional issues are generally not subject to the

---

IJ's oral decision. The BIA instructed the IJ to take the necessary steps to complete the transcript, including conducting a new hearing, if necessary. On May 7, 2008, the IJ conducted a second hearing at which Shkembi testified. The IJ also incorporated the available transcripts from the first hearing into the record. Shkembi's great-uncle was available to testify, but Shkembi's attorney and the government stipulated that he would testify in accordance with his previous testimony and that it was unnecessary for him to testify again.

5

exhaustion requirement, 8 U.S.C. § 1252(d)(1), because the BIA does not have authority to adjudicate such issues, <u>Marrero v. I.N.S.</u>, 990 F.2d 772, 778 (3d Cir. 1993). Nevertheless, not all claims brought under the guise of due process fall outside the BIA's jurisdiction. <u>See</u> <u>id.</u>; <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 448 (3d Cir. 2005). As the Government argues, Shkembi's due process claims are, in actuality, claims of procedural error that could have been raised before and adjudicated by the BIA. <u>See</u> <u>Bonhometre</u>, 414 F.3d at 448. Accordingly, the claims are unexhausted and this Court does not have the authority to consider them. <u>See</u> <u>Wu v. Att'y Gen.</u>, 571 F.3d 314, 317 (3d Cir. 2009).

Substantial evidence also supports the BIA's decision that Shkembi failed to sustain the burden of proof required for asylum eligibility. The police harassment, detentions, and accompanying mistreatment and threats suffered by Shkembi—which occurred over the course of several years—do not rise to the level of persecution. <u>See</u> <u>Fatin v. I.N.S.</u>, 12 F.3d 1233, 1240 (3d Cir. 1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"); <u>cf.</u> <u>Toure v. Attorney Gen.</u>, 443 F.3d 310, 317-19 (3d Cir. 2006); <u>Voci v. Gonzales</u>, 409 F.3d 607, 615-16 (3d Cir. 2005).[6] Further, as the BIA properly concluded, even if Shkembi had established past persecution, the record is sufficient to

---

[6] We note that even if the destruction of Shkembi's uncle's store (which Shkembi witnessed) could be deemed to be persecution of the uncle, it does not constitute past persecution of Shkembi. <u>See</u> <u>Wang v. Gonzales</u>, 405 F.3d 134, 142-44 (3d Cir. 2005).

rebut the presumption that his life or freedom would be threatened in the future.  See 8

C.F.R. § 208.13(b)(1).  The 2007 Country Report indicates that the Party is now the

majority party, that there have been no recent outbreaks of political violence, and that

political parties are unrestricted.  Despite Shkembi's argument to the contrary, this

constitutes substantial evidence that supports the BIA's determination that Shkembi did

not show that it was more likely than not that he would be persecuted upon returning to

Albania.  See Cuko v. Mukasey, 522 F.3d 32, 40 (1st Cir. 2008) (holding that reliance on

country reports was sufficient to rebut the presumption of well-founded fear of future

persecution based on support for Democratic Party of Albania).

Finally, because the threshold for asylum is lower than those for withholding of

removal, Shkembi cannot successfully challenge the dismissal of that claim.  See Yu v.

Attorney Gen., 513 F.3d 346, 349 (3d Cir. 2008).  To the extent that Shkembi challenges

the denial of his application for CAT relief, he fails to allege any incidents or likelihood

of torture as is required for protection under the CAT.  See 8 C.F.R. 208.16 (c)(2).

For the foregoing reasons, we deny Shkembi's petition for review.