**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1454

_____

MUNIR ALMAS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A99-079-566
Immigration Judge: The Honorable Miriam Mills

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 12, 2010

Before: AMBRO, SMITH, and ALDISERT, Circuit Judges

(Filed:  June 30, 2010)
_____

OPINION
_____

Smith, *Circuit Judge*.

Munir Almas petitions for review of a final order of the Board of Immigration

Appeals (BIA), dismissing his appeal from an order of removal issued by an Immigration

Judge (IJ).[1]  For the reasons that follow, we will deny the petition.

Almas is a citizen and native of Pakistan who entered this country on a B-2 Visa in December of 2004.  He remained beyond authorization and was served with a Notice to Appear in August of 2005.  Almas conceded he was removable, but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT)[2] on the basis of persecution on account of his Christian faith and his membership in a particular social group, *i.e.*, the family of an individual targeted by Muslim extremists.  Almas's application explained that he is a Christian and that his son, Kashif, was a social worker for the Church of God in Pakistan.  Almas claimed that when his son left Pakistan because of attacks by Muslim extremists, he became the extremists' next target and was subjected to an assault and threats that he would be killed.  He further claimed that some of the livestock on his farm was either killed or stolen, and that his family was threatened.

During a hearing before the IJ, Almas testified about the basis of his claim of persecution.  The IJ voiced an interest in any corroborating evidence, but the only corroborating evidence Almas offered was the asylum application of his son, Kashif, who had been granted asylum.  Kashif's application referenced a brother named Asif, who, after a confrontation with a Muslim Imam in 1997, sustained injuries requiring hospitalization.  Yet Almas's asylum application failed to name Asif as his son and Almas

---

[1]  The BIA exercised jurisdiction pursuant to 8 C.F.R. § 1003.1(b).  We have jurisdiction under 8 U.S.C. § 1252(a).

[2]  Almas does not contend that the IJ erred in discussing his CAT claim.

was unable to testify in any detail about the attack upon Asif or Asif's hospitalization.

The IJ found Almas not credible based on his inability to relate what happened to Asif and his failure to corroborate his testimony about what transpired after Kashif left for the United States. Almas appealed to the BIA, challenging both the adverse credibility finding and the requirement of corroboration. The BIA determined that the omission in Almas's asylum application regarding his son Asif was not "particularly relevant to this claim of asylum, which was based on incidents that occurred" to Almas "after the departure from Pakistan of his son Kashif." Nonetheless, the BIA upheld the IJ's adverse credibility finding because when questioned at the hearing, Almas was unable to remember "what befell [Asif] in Pakistan in the past." In addition, the BIA agreed with the IJ that Almas had failed to adequately explain why corroborating evidence was not available.

Almas filed a timely petition for review. He again challenges the IJ's adverse credibility finding and the requirement of corroboration, and contends that his due process rights were violated during the IJ hearing. We review a factual finding for substantial evidence and will not disturb the finding unless "any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1254(b)(4). We review the BIA's legal determinations de novo. *Wu v. Att'y Gen.*, 571 F.3d 314, 317 (3d Cir. 2009).

"An applicant bears the burden of proving eligibility for asylum based on specific facts and credible testimony." *Zheng v. Att'y Gen.*, 549 F.3d 260, 266 (3d Cir. 2008)

3

(citing 8 C.F.R. § 208.13(a); *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir. 2001)). After reviewing the record, we conclude that there is substantial evidence to support the IJ's adverse credibility finding. Moreover, we find no error by the IJ in either requiring corroboration to support Almas's application for asylum, or in concluding that Almas did not establish persecution or a well founded fear of persecution. Because Almas failed to establish his eligibility for asylum, he cannot meet the higher burden that applies to obtain withholding of removal. *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003).

Almas also contends that his due process rights were violated because the IJ truncated the hearing at the outset by advising the parties that she was interested in any evidence that: (1) showed that Muslim extremist groups in Pakistan, which were unable to retaliate against a specific individual, retaliated by targeting that individual's family members; and (2) explained the absence of corroborating evidence. It is well settled that aliens have a due process right "to a full and fair hearing that allows them a reasonable opportunity to present evidence on their behalf." *Cabrera-Perez v. Gonzales*, 456 F.3d 109, 115 (3d Cir. 2006). We fail to find any limitation by the IJ of Almas's testimony or the presentation of his case. Indeed, the IJ's candor, from our perspective, revealed the troublesome aspects of Almas's application and provided counsel an opportunity to fully address these concerns. For that reason, we conclude that Almas's due process claim lacks merit.

We will deny Almas's petition for review.