**IMG-271**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2812
_____

MARVIN REYES,
a/k/a Marvin Rolando Reyes Mencos,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-650-169)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 5, 2010)

_____

OPINION
_____

PER CURIAM

Marvin Reyes petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision denying his

application for cancellation of removal. For the reasons that follow, we will grant the government's motion to dismiss and dismiss the petition for review.

I.

Reyes, a citizen of Guatemala, entered the United States on a non-immigrant visa in August 1992, and stayed longer than permitted. In September 2007, the government instituted removal proceedings. Reyes conceded removability but requested cancellation of removal pursuant to INA § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)] based on his allegation that his removal would result in exceptional and extremely unusual hardship to his U.S. citizen child. Reyes testified that his young son suffers from ear infections and allergies. He testified that if he is removed, his son would accompany him, and he is concerned that his son would not be able to receive adequate medical attention or education in Guatemala.

The IJ considered the family's circumstances, including the son's medical history, but found that Reyes's removal would not constitute exceptional and extremely unusual hardship to his son. The IJ denied Reyes's application for cancellation of removal and granted his alternative application for voluntary departure to Guatemala. Reyes appealed to the BIA, which affirmed the IJ's denial, agreeing that Reyes failed to establish exceptional and extremely unusual hardship. Reyes filed a timely petition for review. The government filed a motion to dismiss the petition for lack of jurisdiction. A motions panel of this Court referred the government's motion to this panel. See I.O.P. 10.3.5.

2

II.

Although we have authority to review final orders of removal under 8 U.S.C. § 1252(a)(1), we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review factual or discretionary determinations such as whether a petitioner has satisfied the hardship requirement for cancellation of removal. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). We do have jurisdiction, however, to review "constitutional claims or questions of law" raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). We do so de novo, subject to the deference principles set forth in Chevron USA, Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984). See Wu v. Att'y Gen., 571 F.3d 314, 317 (3d Cir. 2009) (per curiam).

Here, Reyes asserts that the IJ's and BIA's decisions failed to consider factors presented in his case, depriving his son "of his due process and constitutional rights to receive medical and special services because of his hearing problems." (Pet. Br. at 3.) "Petitioners alleging 'constitutional claims' under § 1252(a)(2)(D) must, as a threshold, state a colorable violation of the United States Constitution." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). In this case, Reyes's claim fails to overcome this threshold, invoking the Due Process Clause in name only. In the immigration context, due process entitles an alien to "a full and fair hearing and a reasonable opportunity to present evidence." Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006). Reyes fails to tie to the Due Process Clause the alleged factual error and failure to consider evidence,

and the record does not indicate that any such errors deprived the petitioner of "notice and a meaningful opportunity to be heard." Jarbough, 483 F.3d at 190. Further, such claims do not constitute questions of law. Id. at 189 ("[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law . . ."). Accordingly, we may not entertain Reyes's attempt to present his argument in terms of the Due Process Clause. See § 1252(a)(2)(B)(i)

Reyes also claims that the BIA did not follow its own precedent by failing to consider the hardship factors cumulatively in evaluating his application for cancellation of removal. Whether an agency applies the correct legal standard is a question of law. Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007); Liu v. I.N.S., 508 F.3d 716, 721 (2d Cir. 2007) (per curiam). Here, however, Reyes' assertion appears only to challenge the BIA's exercise of its discretion in determining that he did not meet the hardship requirement for cancellation of removal. As explained above, we lack jurisdiction to review that determination. See Mendez-Moranchel, 338 F.3d at 178; Jarbough, 483 F.3d at 190.

For the above reasons, we will grant the government's motion and dismiss the petition for review.

4