**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1473
_____

SHIVA SHARAN THAPA, Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES, Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-769-810)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

Before:  AMBRO, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: August 2, 2011)
_____

OPINION
_____

PER CURIAM

Shiva Saran Thapa petitions for review of a decision by the Board of Immigration

Appeals ("BIA") to dismiss his appeal of an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the Convention

1

Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

I.

Thapa, a citizen of Nepal, entered the United States without inspection in April 2008. The Department of Homeland Security ("DHS") issued him a Notice to Appear charging that he was removable under Section 212(a)(7)(A)(i)(1) of the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an alien who was inadmissible at the time of entry. Thapa conceded that he was inadmissible as charged and applied for asylum, withholding of removal under the INA, and protection under the CAT. He claimed that he feared persecution by Maoists in his home country on account of his membership in the Nepali Congress Party.

In December 2009, an Immigration Judge ("IJ") determined that Thapa's hearing testimony conflicted with statements given at his credible fear interview and in his asylum application, and that he had attempted to enhance his claims of persecution by adding physical abuse to his description of one incident of alleged persecution and describing for the first time another. Because the IJ therefore found that Thapa lacked credibility, she held that he had failed to carry his burden of proof for any of the relief he sought.

Thapa appealed to the BIA and, while that appeal was pending, filed a motion to reopen the matter on the basis of his counsel's ineffectiveness. The BIA construed Thapa's motion to reopen to be a motion to remand and denied it due to his failure to

2

comply with the BIA's requirements to bring an ineffectiveness claim. The BIA also found no clear error in the Immigration Judge's adverse credibility determination, and dismissed his appeal. Thapa now petitions this Court for review.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). We review factual findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under that standard, we must uphold the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). An applicant bears the burden of proving eligibility for asylum. Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007).[1] We review the BIA's decision to deny a motion to remand for abuse of discretion. Korytnyuk v. Ashcroft, 396 F.3d 272, 285 (3d Cir.

---

[1]Because Thapa filed his asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go to the heart of his claim. See Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Thapa's demeanor, the plausibility of his story, and the consistency of his statements. See 8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006). We have not applied the REAL ID Act standard in a precedential opinion. Here, because the inconsistencies identified by the IJ relate to the heart of Thapa's claims for relief, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard, we need not consider whether 8 U.S.C. § 1158(b)(1)(B)(iii) is consistent with due process. See Wang v. Holder, 569 F.3d 531, 538 (5th Cir. 2009) (canvassing Circuit law on the provision).

2003).

III.

The government argues that Thapa did not adequately raise the issue of the IJ's credibility determination before the BIA and that any claims he raises before us regarding that issue are therefore unexhausted and beyond our jurisdiction.  See 8 U.S.C. § 1252(d)(1).  Thapa's brief notice of appeal, along with his motion to remand, sufficed to place the BIA on notice that Thapa intended to raise a claim that the IJ's credibility determination, the sole basis on which the IJ denied all forms of relief, was not based upon substantial evidence.  Dan Hua Wu v. Att'y Gen., 571 F.3d 314, 317 (3d Cir. 2009) ("So long as a[] . . . petitioner makes some effort, however insignificant, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies.") (quoting Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008)).  In fact, the BIA addressed merits of that claim in its opinion.  Accordingly, we hold that Thapa has adequately exhausted the claim that the IJ's credibility determination was not based upon substantial evidence.  To the extent he raises other claims regarding this determination, they are unexhausted and beyond our jurisdiction.  8 U.S.C. § 1252(d)(1).

We conclude that substantial evidence supports the decision to reject Thapa's credibility.  He presented materially different accounts of his encounters with Maoists:  at his credible fear interview he stated that they had only verbally threatened him and had not physically harmed him, but testified before the IJ that they had beaten him so badly

4

that he experienced back pain for four days and was unable to walk properly for a week. He also recharacterized his dealings with his former business partner: at the credible fear interview he stated that his partner had threatened him over a debt and that he had not reported the threats to the police because it was unimportant, but in his testimony he claimed that his partner was a Maoist and that he didn't report the threats to the police because of his partner's political affiliation.[2] The record thus supports the IJ's determination that Thapa had enhanced aspects of his claims of persecution and was not credible. It likewise supports the determination that Thapa failed to meet his burden to demonstrate that he was entitled to relief. See 8 U.S.C. § 1158(b)(1)(B).

Thapa also argues that the BIA abused its discretion by holding that he failed to demonstrate that he had followed the procedural requirements set forth in Matter of Lozada, 19 I.&N. Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988), and denying his motion to remand. Under Lozada, an alien wishing to raise an ineffectiveness claim must (1) provide an affidavit attesting to the relevant facts, (2) inform former counsel of the allegations and allow him an opportunity to respond, and (3) provide either a statement that a complaint against counsel has been filed with the appropriate disciplinary

---

[2] Thapa argues that the IJ improperly relied on his credible fear interview in making an adverse credibility determination. In support of this argument, he cites Balasubramanrim v. INS, 143 F.3d 157, 164 (3d Cir. 1998). There, we held that inconsistencies between a statement from an airport interview and in-court testimony before an IJ cannot alone support an adverse credibility finding. Thapa apparently argues that the IJ abused her discretion by failing to *sua sponte* inquire into whether the credible fear interview was akin to an airport interview. We have never held this to be the case. In any event, because this argument was not raised in his motion to

authority or a reasonable explanation of why that did not happen. Id. at 639. Thapa

argues that he should have been allowed to proceed with his motion because he asserted

that he had informed his prior counsel of his ineffectiveness claim, and the BIA abused

its discretion by requiring evidence of his compliance with Lozada. We have never held

that a petitioner's unsupported assertion that he has complied with the Lozada

requirements suffices to proceed with an ineffective assistance claim in this context, and

will not do so now. Cf. Rranci v. Att'y Gen., 540 F.3d 165, 173 (3d Cir. 2008) (holding

that a signed affidavit indicating that prior counsel had been informed of the

ineffectiveness allegations was sufficient evidence of compliance with the requirements).

The BIA did not abuse its discretion by denying Thapa's motion to remand.[3]

IV.

For the reasons we have given, we will deny Thapa's petition for review.

---

remand or notice of appeal, we lack jurisdiction. See 8 U.S.C. § 1252(d)(1).

[3] In any event, even if Thapa had demonstrated his compliance with the Lozado requirements, the BIA still would have denied his motion. Thapa's motion argued only that his attorney was ineffective for failing to provide additional corroborative evidence to the IJ; because the IJ explicitly held that her decision was not based on a lack of corroboration, that evidence would not have affected the outcome of the proceedings. The BIA therefore correctly noted in its opinion that Thapa could not demonstrate that his counsel's performance prejudiced him. Thus, even if the BIA had abused its discretion by requiring evidence of Thapa's compliance with Lozada, its error would have been harmless. Li Hua Yuan v. Att'y Gen., — F.3d —, 2011 WL 1519200, at *5 (3d Cir. Apr. 22, 2011) ("We will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case.").

6