CLD-205                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1232
_____

XIAN ZHEN WU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A94 800 043)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted on the Respondent's Motion to Dismiss or for
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2012

Before:  RENDELL, HARDIMAN AND COWEN, Circuit Judges

(Opinion filed:  June 29, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Xian Zhen Wu petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") denial of his

applications for asylum, withholding of removal, and protection under the United Nations

Convention Against Torture. The Government has filed a "Motion for Summary Denial," arguing that Wu failed to exhaust the only argument that he raises in his petition for review. Because we agree, we will grant the Government's motion, and summarily dismiss the petition for review.[1]

Wu, a citizen of China, entered the United States in October 2006, and was charged with removability under Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C § 1182(a)(7)(A)(i)(I)]. He applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture, based solely on an allegation that family planning officials in China forcibly sterilized his wife. On January 8, 2010, the IJ denied relief, noting that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc). The IJ further observed that "there is no evidence that [Wu] engaged in any conduct in response [to the sterilization] that . . . establish[ed] . . . any sort of refusal to comply with population control measures in China, or that [he] engaged in any other conduct that could be considered to be protectable at this point in the law." Because Wu had not established eligibility for asylum, the IJ held that he could not satisfy the more difficult withholding of removal standard. Additionally, Wu did not allege that he would be tortured in China.

---

[1] Wu asserts that summary denial of his petition for review is inappropriate because "[t]his Court may only dispose of a petition for review in a summary manner if it is frivolous." This misstates the standard. We may take summary action where an appeal does not present a substantial question. See Third Cir. LAR 27.4 and I.O.P. 10.6.

Wu appealed. The BIA concluded that the IJ "correctly found that [Wu] is not entitled to asylum or withholding of removal because he did not allege 'other resistance' to the coercive population control program." Wu filed a timely petition for review and a motion to stay removal. By order entered February 23, 2012, we denied the stay motion. After Wu filed his brief, the Government submitted a motion to dismiss or, in the alternative, for summary denial of the petition for review, which Wu opposes.

We have jurisdiction to review final orders of removal pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]. Our jurisdiction is limited, however, to cases where the petitioner "has exhausted all administrative remedies available to the alien as of right . . . ." INA § 242(d)(1) [8 U.S.C. 1252(d)(1)]; Abdulrahman v. Ashcroft, 330 F.3d 587, 594–95 (3d Cir. 2003). "To exhaust a claim before the agency, an applicant must first raise the issue before the BIA . . . so as to give it 'the opportunity to resolve a controversy or correct its own errors before judicial intervention.'" Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (citing Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004)).

In his brief, Wu raises only one claim, namely, that he established past persecution based on his "other resistance" to China's family planning policies. In particular, Wu asserts that he "actively hid from family planning officials by leaving his home with his wife to stay at their aunt's house." The Government argues that we lack jurisdiction over this claim because Wu did not raise it before the IJ or the BIA. We agree.

To establish eligibility for asylum, an alien must prove that he is a "refugee," as defined in INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)]. In the context of coercive

3

population control programs, refugee status extends to an individual who has been subjected to an involuntary abortion or sterilization procedure, has been persecuted for failing or refusing to undergo such a procedure, or has a well-founded fear of such persecution in the future. Id. When Wu initially applied for asylum, a husband who established that his wife underwent a forced abortion or involuntary sterilization was per se entitled to refugee status. See In re C-Y-Z-, 21 I. & N. Dec. 915 (BIA 1997) (en banc); see also Sun Wen Chen v. Att'y Gen., 491 F.3d 100, 103 (3d Cir. 2007). The law changed, however, by the time of Wu's merits hearing, such that a spouse of one who has been persecuted by coercive population control policies is not automatically eligible for asylum. Lin-Zheng, 557 F.3d at 156-57 (overruling Sun Wen Chen). Nevertheless, a spouse remains eligible for relief if he qualifies as a refugee based on his own persecution or well-founded fear of persecution for "other resistance" to a coercive population control program. Id. at 157 (citing INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)].

In this case, Wu did not present any evidence or testimony to the IJ concerning his resistance to his wife's forced sterilization or the population control program. Rather, Wu merely acknowledged in his testimony that he was not present when his wife was forcibly sterilized, asserted that he did not experience any problems with the Chinese government in connection with the forced sterilization, and conceded that he did not have any other problems while living in China. As noted, the IJ concluded that Wu was not eligible for asylum because he had not alleged that he was persecuted for engaging in any form of "other resistance." Wu appealed that decision, but he did not raise or argue

4

"other resistance" in his brief to the BIA. Consequently, the BIA concluded that the IJ correctly denied relief. Wu now argues, for the first time, that he was persecuted for "other resistance" to China's coercive population control program by hiding from the authorities after the birth of his second child. He emphasizes that such resistance need not be active or forceful. See In re M-F-W- & L-G-, 24 I. & N. Dec. 633, 638 (BIA 2008) (discussing the "other resistance" provision of INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)]). Importantly, however, Wu did not raise this claim before the IJ or the BIA. Therefore, we lack jurisdiction to consider it.[2] Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012); see also Wu v. Att'y Gen., 571 F.3d 314, 317 (3d Cir. 2009) (holding that petitioner failed to exhaust claim that he was persecuted for "other resistance" by hiding from family planning officials).

Accordingly, because Wu failed to exhaust the only claim that he raises in his brief to this Court, we will grant the government's motion and summarily dismiss the petition for review.

---

[2] Even if we could consider this claim, the record does not compel the conclusion that Wu's act of hiding with his wife constitutes "other resistance," or that he suffered any harm rising to the level of persecution as a result of his hiding. Cf. Yu v. Att'y Gen., 568 F.3d 1328, 1334 (11th Cir. 2009) (stating that "[t]o the extent that Yu's hiding from authorities with his wife to avoid her sterilization could be construed as 'other resistance,' Yu has failed to show that he was persecuted because of that resistance.").