NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2625
_____

HAIYAN LI,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-755-608)
Immigration Judge: Honorable Judge Rosalind K. Malloy


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 11, 2016

Before: MCKEE, *Chief Judge*, AMBRO, and SCIRICA, *Circuit Judges*

(Filed: March 21, 2016)

_____

OPINION∗
_____


McKEE, *Chief Judge*.

---

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Haiyan Li petitions for review of a final order of removal because the Immigration Judge relied upon an exhibit that was not officially part of the record and the Bureau of Immigration Appeals adopted the IJ's decision. According to Li, the record did not allow for meaningful review and the IJ improperly took judicial notice of country conditions in China. Li asks us to remand the BIA's decision back to the IJ. For reasons discussed below, we will deny petition for review.

**I.**

Li, a native of Fujian Province of the People's Republic of China, entered the United States without inspection in October 2009. In 2010, the Department of Homeland Security issued a Notice to Appear, charging Li with removability under Immigration and Nationality Act § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Li conceded removability. She then filed an application for asylum, withholding of removal and protection under the United Nations Convention Against Torture Act ("CAT"), alleging she was harmed in China as a result of her participation in an underground church and fear that she would be persecuted if she returned to China due to her belief in Christianity and punished for leaving China illegally.

The Immigration Judge determined that even if Li was credible, she failed to establish that she suffered past persecution or had a well-founded fear of future persecution to meet her burden of proof for asylum. The IJ also determined that Li failed to establish that she would be singled out for persecution or that there is a pattern or practice of persecution of persons similarly situated. The IJ then denied Li's request for withholding of removal, because her rejection of Li's asylum claim applies equally to the

2

denial of Li's request for withholding of removal. Finally, the IJ found that Li did not establish eligibility for protection under the CAT because the record failed to show that she was more likely than not to be subjected to torture "by or with the acquiescence" or willful blindness of government officials upon her removal to China.[1]

The Board of Immigration Appeals adopted and affirmed the IJ's decision and this petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). To the extent that the BIA issued its own opinion, we review its decision rather than the IJ's.[2] However, we look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning.[3] We "uphold the findings of the BIA to the extent that they are supported by reasonable, substantial and probative evidence on the record considered as a whole[.]"[4]

In her brief, Li argues that the IJ erred because an unmarked exhibit, entitled "Report for the Dep't of Justice, 'China: Penalties for Home Church Gatherings,'" was not attached to the IJ's decision, even though the IJ relied on the exhibit to determine that there was no pattern or practice of persecution of unregistered Christians in China. Li then argues that the IJ committed a due process violation when she took judicial notice of the unmarked exhibit without giving Li notice and an opportunity to respond, which resulted in depriving her, and this Court, of an opportunity to review the exhibits. However, Li failed to raise any such challenges before the BIA. We may review a final

---

[1] 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Lukwago v. Ashcroft*, 329 F.3d 157, 182-83 (3d Cir. 2003).
[2] *Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005).
[3] *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006).
[4] *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003).

order of the BIA "only if ... the alien has exhausted all administrative remedies available to the alien as of right."[5] The exhaustion requirement attaches to each particular issue raised by the petitioner.[6] A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue.[7] Thus, we cannot now review Li's due process challenge.[8]

## III.

Accordingly, we will deny the petition for review.

---

[5] 8 U.S.C. § 1252(d)(1).

[6] *Lin v. Att'y Gen.,* 543 F.3d 114, 120 & n. 6 (3d Cir. 2008).

[7] *Id.* at 120–21; *Hua Wu v. Att'y Gen.,* 571 F.3d 314, 317 (3d Cir. 2009).

[8] *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012) ("[T]he exhaustion requirement attaches to each particular issue raised by the petitioner. A petitioner's failure to exhaust an issue by presenting it to the [Board] deprives us of jurisdiction to consider that issue." (citation omitted)); *Bonhometre v. Gonzales,* 414 F.3d 442, 447-48 (3d Cir. 2005) (failure to argue procedural due process claims to the Board is "fatal to our jurisdiction").