**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2507
_____

FENGYING YANG,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-396-912)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2012

Before:  AMBRO, ALDISERT and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 26, 2012 )
_____

OPINION
_____

PER CURIAM

Fengying Yang petitions for review of a final order of removal.  For the reasons

discussed below, we will dismiss in part and deny in part the petition for review.

I.

Yang, a citizen of China, was served with a Notice to Appear charging her as removable under 8 U.S.C. § 1227(a)(1)(A) and alleging that she had entered the United States without a valid entry document. She conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming that she feared persecution upon her return to China as a result of her activities with the China Democracy Party ("CDP").

Yang testified before an immigration judge ("IJ") in support of her applications. The IJ first found that Yang was unable to meet her burden of proving her identity with adequate, reliable evidence—she used another's passport to gain entry to the United States, had unexplained difficulty providing accurate biographical testimony, and submitted an unauthenticated birth certificate. The IJ identified numerous other problems with Yang's testimony, including her refusal to answer questions about why she left China when asked by her attorney[1] and her inability to recall her address or the name of the town in which she claimed to live for three years after her arrival in the United States. Additionally, although she testified that her fear of future persecution arose from Chinese officials having visited her parents and husband due to political activities in the United States, she omitted any mention of that visit from her application for asylum. In light of

---

[1] In her application and amended application, Yang detailed two incidents prompting her to leave China—her sister's death as a result of exposure to poisons at the pharmaceutical company where she worked, and mistreatment as a result of rejecting local officials' attempts at extortion. See AR 665-6671; 501-508.

these and many other inconsistencies in her testimony, the IJ found that Yang was not credible and denied relief on that basis.

Yang appealed to the BIA, arguing that the IJ's adverse credibility determination and other holdings were erroneous. The Board dismissed Yang's appeal in June 2009. Yang moved the Board to reissue its decision in light of her prior counsel's ineffectiveness, and the BIA granted her motion. Accordingly, Yang's petition for review, filed within thirty days of the reissued opinion, is timely. 8 U.S.C. § 1252(b)(1). She raises three claims: 1) she provided sufficient evidence to prove her identity; 2) the adverse credibility finding was not supported by substantial evidence; and 3) she did not waive an appeal of the denial of withholding of removal under the CAT as that issue was raised before the BIA.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). Prior to raising an issue for judicial review, a petitioner must exhaust all administrative remedies available as of right regarding that issue. 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009). This is a jurisdictional requirement. See Hoxha v. Holder, 559 F.3d 157, 159 n.3 (3d Cir. 2009).

This Court reviews the decision of the Board and, to the extent deferred to or incorporated therein, the decision of the immigration judge. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). We review factual findings, including any credibility

3

determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under that standard, we must uphold the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). The burden of establishing eligibility for asylum, withholding of removal, and relief under the CAT is on the applicant. Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006) (citing 8 C.F.R. § 208.13(a)). [2]

### III.

### A.

As an initial matter, we must address the Government's arguments regarding the extent of our jurisdiction over Yang's claims. First, the government argues that Yang did not exhaust her claim that the BIA erred in holding that she waived her arguments regarding relief under the CAT. See 8 U.S.C. § 1252(d)(1). We disagree.

The Government bases its argument on the very things Yang now attacks: the BIA's determination that she did not appeal the denial of relief under the CAT and its

---

[2] Because Yang filed her asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go to the heart of her claim. See Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Yang's demeanor, the plausibility of her story, and the consistency of her statements. See 8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006). We have not applied the REAL ID Act standard in a precedential opinion. Here, because the inconsistencies identified by the IJ relate to the heart of Yang's claims for relief, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard, we need not consider whether 8 U.S.C. § 1158(b)(1)(B)(iii) is consistent with due process. See Wang v. Holder, 569 F.3d 531, 538 (5th Cir. 2009) (canvassing Circuit law on the provision).

concomitant holding that the issue was waived.  In her brief on appeal to the BIA, Yang argued:

> The IJ erred in her finding that "there is nothing in the evidence to show that [Appellant] would be tortured or that government officials would acquiesce or turn a blind eye to her torture should she return.  Mere imprisonment, although certainly unfortunate and not condoned by this Court, does not rise to the level of the stringent torture standard set out in the regulations . . ."

Appeal Brief at 13 (quoting the Oral Decision of the Immigration Judge at 26) (emphasis and alteration in original).  She went on to argue that that finding was not supported by substantial evidence, that the IJ failed to consider the State Department's report in her plausibility analysis, and that the IJ made no specific finding as to whether other evidence in the record supported Yang's claim.  Although Yang incorrectly identified the issue as pertaining to her asylum claim, she explicitly attacked the finding that she would not be tortured upon her return to China; this was unambiguously relevant to the denial of her request for relief under the CAT.  In fact, the quotation provided in Yang's brief continued, ". . . and therefore I will deny her claim for withholding of removal *under the Convention Against Torture as well*."  Oral Decision of the Immigration Judge at 26 (emphasis added).  Yang's argument on appeal was more than sufficient to place the BIA on notice that she intended to appeal the denial of relief under the CAT.  Dan Hua Wu v. Att'y Gen., 571 F.3d 314, 317 (3d Cir. 2009) ("[s]o long as a[] . . . petitioner makes some effort, however insignificant, to place the [BIA] on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative

5

remedies.") (quoting Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008)). Accordingly, we hold that Yang has adequately exhausted the CAT claim she presents in her petition.

The Government next argues that we lack jurisdiction over four of the specific challenges Yang now raises, to wit: 1) her challenge to the findings that her testimony was "laborious" and that she was unresponsive at times; 2) her argument that the negative inferences drawn from Yang's refusal to testify regarding her experiences prior to leaving China violated due process; 3) her allegation of a "fatal error" in the translation of the letter from Yang's father; and 4) her challenge to the finding of omissions in her Form I-589 asylum application despite her inability to explain those omissions because of translation problems. On appeal to the BIA, Yang raised arguments regarding the IJ's adverse credibility determination based upon her nervousness and various translation errors. Accordingly, we hold that her argument regarding the finding that her testimony was "laborious" and unresponsive is exhausted. Wu, 571 F.3d at 317. However her due process argument, her argument regarding the translation of her father's letter, and her arguments regarding omissions in her asylum application were never raised before the Board. We will therefore dismiss them for lack of jurisdiction. Hoxha, 559 F.3d 159 n.3.

B.

We now turn to the merits of Yang's claims. After review of the record, we conclude that substantial evidence supports the finding that Yang did not testify credibly. Yang testified that she did not fear returning to China until she was informed that Chinese police visited her mother and specifically inquired as to her anti-government

6

activities in the United States. This incident was not, however, mentioned in her written application for relief. Yang explained that, although she was apparently unafraid to continue protesting, she was "afraid that the Chinese policemen would come to America to take me away" if she mentioned the incident in her application. AR 383. She also claimed that she didn't feel it was necessary to mention the incident in her application. AR 389-90. The IJ and BIA rejected those explanations, and Yang has not demonstrated that the record compels a contrary result. Her argument that there were interpretation problems—that she "may have offered the testimony in response to questions that were not correctly interpreted"—is unpersuasive.[3] The omission of what she claims formed the basis of her fear of persecution from her asylum application is undoubtedly material to her claims and is more than sufficient to support the BIA's adverse credibility finding. In light of that finding, we agree that she failed to demonstrate a reasonable probability that she will be persecuted upon return to China. We likewise discern no error in the Board's concomitant holding that Yang did not meet her burden to demonstrate that she was entitled to relief. See Chukwu v. Att'y Gen., 484 F.3d 185, 188-89 (3d Cir. 2007); Toure, 443 F.3d 310, 317. As she was not entitled to relief, her remaining arguments regarding asylum and withholding of removal need not be addressed.

---

[3] We note that in her filings before the BIA and in support of her petition for review, Yang has offered nothing by way of an alternate explanation, i.e., what question she may have thought she was answering when she informed the IJ that she was afraid Chinese police would come to America to take her away.

For the reasons outlined above, we hold that the BIA erred in holding that Yang waived her arguments regarding relief under the CAT. Remand, however, "is not required when it would be an idle and useless formality." <u>Li Hua Yuan v. Att'y Gen.</u>, 642 F.3d 420, 427 (3d Cir. 2011) (internal quotation marks and citation omitted). Here, Yang's application for CAT relief was based upon the same testimony as her claims for asylum and withholding of removal; the adverse credibility finding was therefore likewise fatal to her CAT claim, and her appeal would have been dismissed regardless. <u>See</u> <u>Yu v. Att'y Gen.</u>, 513 F.3d 346, 349 (3d Cir. 2008). Accordingly, the BIA's error was harmless, and we need not remand the matter for further consideration. <u>Yuan</u>, 642 F.3d at 427 ("[W]e will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case.").

## IV.

For the reasons we have given, we dismiss in part and deny the petition for review.